```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
TYRONE HOUSTON
A/K/A/ TYRONE BLACK                          MEMORANDUM OF DECISION
                    Plaintiff,
                                             06 CV 2094 (RJD) (LB)
        – against –

THE CITY OF NEW YORK, Individually and as
Municipal Agency for the State of New York;
M. TOUSSAINT, Shield # 30127, Individually
And as Police Officer for the City of New York;
STEVE ALCARAZ, Transit Kings Task Force;
SEARGENT RICHARD BREA, Tax # 903476,
Transit Kings Task Force; DETECTIVE ROBERT
FUNES, Shield # 2392, Brooklyn Transit Robbery
Squad

                    Defendants.
------------------------------------------------------------ x
```

DEARIE, District Judge.

*Pro se* plaintiff Tyrone Houston brings this action against various city defendants alleging violations of his federal and state constitutional rights and state tort claims stemming from his arrests in January and April of 2006 and the ensuing prosecutions. The gravamen of plaintiff's claims is that New York police officers and detectives arrested him without probable cause, conspired to falsely charge and convict him, and retaliated against him for a previous lawsuit against New York City Police Department officers. However, these claims are belied by plaintiff's guilty pleas to disorderly conduct and grand larceny.

Defendants moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is granted.

# I. BACKGROUND

## A. The January 2006 Arrest and Plea

On January 27, 2006 at approximately 7 P.M., plaintiff was arrested by Police Officer Toussaint ("Toussaint") and his partner. ECF Docket # 11, Plaintiff's [Second] Amended Complaint ("Compl."), at 3.[1] Plaintiff alleges that the arrest was made "without probable cause" and suggests that it was a pretext for a robbery investigation by Toussaint and Detective Robert Funes ("Funes") of the Brooklyn Transit Robbery Squad. According to plaintiff, Toussaint told him that he fit the description of a black male who was wanted in connection with numerous subway robberies, and then Toussaint and Funes took pictures of him to show robbery victims. Compl. at 3-4.

Plaintiff claims that when the victims did not identify him as the perpetrator, Funes instructed Toussaint to charge plaintiff with various crimes in retaliation for past lawsuits he had brought against N.Y.P.D. officers. Compl. at 4. Plaintiff was then transferred to Brooklyn Central Booking, where he claims he received no medical treatment, shower, hot food, or sleep for approximately two days, "despite noted medical conditions," including "lacomo [sic], high blood pressure and water in the knees." Id. He met with a Legal Aid attorney at 10:40 a.m. on January 29, 2006, and was arraigned within the hour. Compl. at 5.

According to official records, plaintiff was arrested after officers observed him urinating on a subway platform. ECF Docket # 112, Exhibit C, 2006 Arrest Report. Plaintiff does not directly dispute this sequence of events; he merely states he was arrested "without probable cause." Compl. at 3. The arresting officers recovered two knives from his person, one from the right jacket pocket and the other from an inside pocket. ECF Docket # 112, Exhibit C, 2006 Arrest Report. The next day, he was charged with two violations of New York City

---

[1] The Complaint paragraphs are inaccurately numbered. We refer to page numbers.

Administrative Code 10-133(G), Possession of Knives or Instruments in Excess of Four Inches, and one violation of New York City Health Code 153.09, Urinating in Public. ECF Docket # 112, Exhibit D, Criminal Court Complaint dated January 28, 2006.

On February 2, 2006, plaintiff pled guilty to one count of Disorderly Conduct, N.Y.P.L. § 240.20, in satisfaction of the charge, and was sentenced to time served. ECF Docket # 112, Exhibit E, Certificate of Disposition.

### B. The April 2006 Arrest and Plea

On March 9, 2006, the District Attorney served plaintiff with an Order to Compel him to stand in two more lineups related to robberies that took place on January 14 and January 16, 2006. ECF Docket # 11, Compl., Exhibit D, Order and Affirmation in Support of the People's Motion for a Lineup Order. He believes this is evidence that Funes and the Brooklyn Transit Robbery Squad were involved in a conspiracy to detain him on false charges. Compl. at 5-6. Plaintiff argues that on March 16, 2006, Funes falsely arrested and charged him with the January 14, 2006 robbery, despite the fact that the robbery victims failed to identify him in the line-up. Compl. at 6. Plaintiff also alleges that in a court proceeding on April 11, 2006, "two new Black victims" informed the court that he was not the robber, and that defendants told them to pick him out of the line-up anyway. Compl. at 7.

According to official records, plaintiff was arrested on April 5, 2006 in connection with the January 14, 2006 robbery. The arrest was made pursuant to Kings County Grand Jury Indictment 2006-02546, charging him with one count of N.Y.P.L. § 160.15, Robbery in the 1st Degree, and one count of N.Y.P.L. § 265.02, Criminal Possession of a Weapon in the 3rd Degree. ECF Docket # 112, Exhibit G, April 5, 2006 Arrest Report.

On January 23, 2012, plaintiff pled guilty to one count of N.Y.P.L. § 155.30, Grand Larceny in the 4th Degree, in full satisfaction of Indictment 2006-02546. ECF Docket # 112, Exhibit H, Certificate of Disposition, Case No. 2006-02546. Plaintiff sought to withdraw his guilty plea when he was informed that "as a third time violent felon, he would be subject to consecutive sentences by operation of law" pursuant to New York Penal Law § 70.25 (2-a). ECF Docket # 116, Letter to Judge Dearie, at 1; see also ECF Docket # 107, Plaintiff's Memorandum of Law at 3. Plaintiff filed an application seeking to withdraw his guilty plea on July 2, 2012, and the motion was denied. ECF Docket # 109, Letter Regarding the Status of Plaintiff's Motion to Withdraw His Guilty Plea, August 3, 2012; see also ECF Docket # 116, Exhibit A, Denial of Plaintiff's Motion to Set Aside Sentence.

### C. Procedural History

Plaintiff filed a *pro se* complaint under 42 U.S.C. §§ 1983, 1985 and 1988 alleging violations of his state and federal constitutional rights and state tort law claims. We address his claims against the City of New York, Police Officer Toussaint, Steve Alcaraz and Sergeant Richard Brea of the Transit Kings Task Force, and Detective Robert Funes of the Brooklyn Transit Robbery Squad.[2] Defendants move to dismiss under Rule 12(b)(6).

## II. DISCUSSION

### A. Standard of Review

To avoid dismissal under 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Kitchen v. Phipps Houses Group of Cos., 380 Fed. Appx. 99, 100 (2d Cir. 2010) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (affirming dismissal of *pro se* plaintiff's complaint). "A claim has facial plausibility when the

---

[2] Plaintiff's claims against Sergeant and Chief John Doe(s), Police Commissioner Raymond Kelly, and the Brooklyn Transit Robbery Squad have been dismissed. See ECF Docket # 7, Memorandum and Order by Judge Dearie (07/27/2006).

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). In assessing a motion to dismiss under 12(b)(6), this Court relies on the facts and allegations in the complaint, including any documents incorporated by reference or attached as exhibits. Blue Tree Hotels Inv. (Canada), Ltd. et al. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). It may also consider public records. Id. The Court reads all facts in the light most favorable to the plaintiff. Id.

Courts hold *pro se* complaints to "less stringent standards" than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Although liberally construed, *pro se* complaints must still meet procedural requirements. See Estelle v. Gamble, 429 U.S. 97, 107 (1976) (applying more general pleading standard under Conley v. Gibson, 355 U.S. 41, 45-46 (1957) and still dismissing *pro se* claims); see also Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009) (applying Twombly standard to *pro se* complaint and affirming 12(b)(6) dismissal).

**B. Heck v. Humphrey**

Plaintiff's claims arising out of his April 2006 arrest and guilty plea to grand larceny are subject to review pursuant to the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Court addressed the overlap between § 1983 and the federal habeas corpus statute. 512 U.S. at 489-90. The Court held that when a state prisoner seeks damages pursuant to § 1983, the district court must consider whether a judgment in favor of plaintiff "would necessarily imply the invalidity of his conviction or sentence." Id. at 486-87. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated. Id. Because plaintiff has not alleged that his conviction for

5

grand larceny has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus, it is subject to review under the Heck doctrine.

On the other hand, plaintiff is not in custody for the disorderly conduct charge. Because nothing in the record supports the conclusion that federal habeas corpus review of that conviction is available, we need not address whether plaintiff's claims arising out of that conviction are barred by Heck. See 28 U.S.C. §§ 2241(c)(1) (requiring prisoner to be "in custody" to challenge his conviction); U.S. ex rel. Myers v. Smith, 444 F.2d 75, 76 (2d Cir. 1971) (holding that a state prisoner in custody for an unrelated felony is not entitled to habeas corpus relief to challenge a conviction for which he had served the sentence and was unconditionally released); Huang v. Johnson, 251 F.3d 65, 75 (2d Cir. 2001) (concluding that plaintiff with no remedy in habeas corpus is not barred by Heck); Leather v. Eyck, 180 F.3d 420, 424-25 (2d Cir. 1999) (plaintiff's claims not barred by collateral estoppel or res judicata because he could not have sought damages for his alleged constitutional injuries while defending himself in the underlying charges). We dismiss these claims on other grounds.

**C. Specific Claims**

*1. False Arrest*

A section 1983 claim for false arrest is substantially the same as a claim for false arrest under New York law. Weyant v. Okst, 101 F.3d 845, 852 (2d Cir.1996). To prevail on his claim for false arrest, plaintiff must show that defendants "intentionally confined him without his consent and without justification." Id. "Probable cause to arrest constitutes justification and is a complete defense to an action for false arrest." Faruki v. City of New York, 2013 WL 452536, at *1 (2d Cir. 2013) (quoting Weyant, 101 F.3d at 852); Broughton v. State, 335 N.E.2d 310, 315 (N.Y. 1975). Moreover, in this Circuit, "[a] valid prosecution resulting in conviction is

6

conclusive evidence that probable cause existed for an arrest, Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986), even if the conviction is the result of a guilty plea to a lesser charge than that for which plaintiff was arrested." Hope v. City of New York, 2010 WL 331678, at *2 (E.D.N.Y. 2010) (Cogan, J); see also Desir v. Desena, 2013 WL 678186 (E.D.N.Y. 2013) (Mauskopf, J.); Roundtree v. City of New York, 778 F.Supp. 614, 619 (E.D.N.Y. 1991) (Glasser, J.) (plaintiff who plead guilty to disorderly conduct after being arrested for possession of cocaine is precluded from bringing a section 1983 action for false arrest).

Accordingly, plaintiff's false arrest claims stemming from the January and April 2006 arrests fail on the basis of his guilty pleas to disorderly conduct and grand larceny. Defendants' motion to dismiss plaintiff's false arrest claims is granted.

*2. Malicious Prosecution Claims*

The elements of a malicious prosecution claim under New York law and § 1983 are the same because the elements of a § 1983 claim are borrowed from State law. Cook v. Sheldon, 41 F.3d 73, 78 (2d Cir. 1994). To succeed on a claim for malicious prosecution, plaintiff must prove "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Jocks v. Tavernier, 316 F.3d 128, 136 (2d Cir. 2003) (citations omitted).

Since plaintiff is still incarcerated following his guilty plea to grand larceny, and was sentenced to time served for disorderly conduct, he cannot demonstrate the requisite favorable termination. See Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003). Even if plaintiff could demonstrate favorable termination, his guilty plea establishes probable cause. See Husbands v. City of New York, 335 Fed. Appx. 124 (2d Cir. 2009) (existence of probable cause defeated

plaintiff's claim for false arrest and malicious prosecution); Jovanovic v. City of New York, 486 Fed. Appx. 149, 152 (2d Cir. 2012) ("An element of any malicious prosecution claim is the absence of probable cause").

Plaintiff's malicious prosecution claim with respect to his April 2006 conviction is also Heck-barred because his recovery on this claim would imply that his conviction for grand larceny was invalid. See Duamutef v. Morris, 956 F. Supp. 1112, 1116 (S.D.N.Y 1997) (barring malicious prosecution claim); see also Channer v. Mitchell, 43 F.3d 786, 787 (2d Cir. 1994) (allegations that two police officers committed "numerous acts of perjury and coerced witness to wrongfully identify [plaintiff]" in state court criminal proceedings were properly dismissed where plaintiff "offered no proof that his conviction had been independently invalidated.").

Defendants' motion to dismiss plaintiff's malicious prosecution claims is granted.

*3. First Amendment Retaliation*

Plaintiff includes the First Amendment on his list of violated rights. Compl. at 8. We construe the claim liberally to suggest that defendants prosecuted him with false testimony in order to retaliate against him for (1) his prior law suit against the City or (2) his unwillingness to answer defendants' questions pertaining to the robbery violations. Nevertheless, defendants' motion to dismiss these claims is granted.

A claim for retaliation cannot be sustained "when the criminal prosecution was supported by probable cause." Mozzochi v. Borden, 959 F.2d 1174, 1179-80 (2d Cir. 1992) ("An individual does not have the right under the First Amendment to be free from a criminal prosecution supported by probable cause that is in reality an unsuccessful attempt to deter or silence criticism of the government."); see also Singer v. Fulton County Sheriff, 63 F.3d 110, 120 (2d Cir. 1995) (upholding dismissal of First Amendment retaliation claim "if the officer . . .

had probable cause . . . then we will not examine the officer's underlying motive in arresting and charging the plaintiff."), cert denied, 517 U.S. 1189 (1996).

Furthermore, plaintiff's retaliation claim with respect to the April 2006 arrest is Heck-barred because it requires him to demonstrate an absence of probable cause supporting the charges against him, thus calling into question the validity of his conviction.

*4. Malicious Abuse of Process*

To state a claim for malicious abuse of process under § 1983 and New York law, a plaintiff must show that the defendant "(1) employ[ed] regularly issued legal process to compel performance or forbearance of some act, (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside legitimate ends of process." Savino v. City of New York, 331 F.3d 63, 76 (2d Cir. 2003) (quoting Cook, 41 F.3d at 80); Curiano v. Suozzi, 63 N.Y.2d 113, 116 (1984) (malicious motive in issuing a summons does not establish abuse of process). "[I]t is not sufficient for a plaintiff to allege that defendants were seeking to retaliate against him by pursuing his arrest and prosecution. Instead, he must claim that they aimed to achieve a collateral purpose beyond or in addition to his criminal prosecution." See Savino, 331 F.3d at 76.

Plaintiff's conclusory allegation that defendants were seeking to retaliate against him for a prior law suit is not sufficient; such retaliation is an improper *motive*, but not an improper *purpose* beyond or in addition to his criminal prosecution. "The mere act of issuing process does not give rise to a claim." Lopez v. City of New York, 901 F.Supp. 684, 691 (S.D.N.Y. 1995) (citing PSI Metals v. Firemen's Insurance Co. of Newark, N.J., 830 F.2d 42 (2d Cir. 1988)).

Plaintiff's malicious abuse of process claim with respect to his April 2006 arrest and conviction is also Heck-barred because it would implicate the validity of his conviction. See

9

Zarro v. Spitzer, 274 Fed. Appx. 31, 34 (2d Cir. 2008) (applying Heck to bar malicious abuse of process claim).

Accordingly, defendants' motion to dismiss plaintiff's malicious abuse of process claim is granted.

*5. Eighth Amendment / Unconstitutional Conditions of Confinement*

Plaintiff's argument that defendants were deliberately indifferent to his "serious medical needs" is frivolous. "An inmate attempting to show deliberate indifference must demonstrate that defendants "act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm w[ould] result." Salahuddin v. Goord, 467 F.3d 264, 280 (2d Cir. 2006). Plaintiff's "medical conditions," including "lacomo [sic], high blood pressure and water in the knees," would not be apparent to a Central Booking officer, and plaintiff does not plead that he brought them to anyone's attention or that he required certain medication he was refused. Furthermore, it is well settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (internal quotation marks omitted). Plaintiff does not identify an official personally involved in the alleged deprivations.

Plaintiff's allegations fare no better when construed as a claim for unconstitutional conditions of confinement. To sustain a claim, plaintiff must show "(1) a deprivation that is objectively, sufficiently serious that he was denied the minimal civilized measure of life's necessities, and (2) a sufficiently culpable state of mind on the part of the defendant official, such as deliberate indifference to inmate health or safety." Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001) (internal quotations omitted). Again, plaintiff does not identify a defendant official. His accusations regarding indifference to his health are vague and insufficient for the reasons

stated above. And, his allegation regarding the temperature of his food or the amount of sleep he was afforded are frivolous and/or contradicted by the record.

Defendants' motion to dismiss these claims is granted.

*6.Municipal Liability*

Lastly, plaintiff seeks to hold the City of New York liable for the conduct of Toussaint and Funes, suggesting that the City has a policy or custom of "negligently hiring and supervis[ing] police officers." Compl. at 2,7. However, because plaintiff has not stated a claim against any of the defendant officers or detectives, his claims against the City also fail. See Los Angeles v. Heller, 475 U.S. 796, 799 (1986); see also Curley v. Village of Suffern, 268 F.3d 65, 71 (2d Cir. 2001) ("[A] municipality cannot be liable for inadequate training or supervision when the officers involved in the arrest did not violate the plaintiff's constitutional rights.").

Even if he had stated a claim against one of the individual officers, his claim again the city would fail nonetheless. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1998). Respondeat superior does not provide a basis for the City's liability, Id., and the complaint is "devoid of factual support for [any] references to a municipal policy," Gordon v. City of New York, 2012 WL 1068023, at *3-4 (E.D.N.Y. 2012); DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998); Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991) (isolated incidents involving actors below the policy-making level do not suffice to show a municipal policy).

Accordingly, we dismiss plaintiff's claims against the City of New York.

## III. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss the complaint is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York
       March 27, 2013

/s/ Judge Raymond J. Dearie
_____
RAYMOND J. DEARIE
United States District Judge